## HERMAN GOLDMAN ET AL., EXECUTORS', APPEAL FROM PROBATE
### (Estate of Edgar P. Lawson)

Superior Court            Fairfield County            File No. 63961

MEMORANDUM FILED APRIL 18, 1942.

*Cohen & Schine,* of Bridgeport, for the Appellants.

*T. W. Dauch,* of Hartford, for the Appellee.

FOSTER, J. This is an appeal from an adjudication of the Probate Court for the Probate District of Fairfield, relative to the taxation by the State of an interest in a trust created by the testator. The statute law of this State provides that estates shall be taxable if transferred "by gift or grant intended to take effect in possession or enjoyment at or after the death of the transferor." (Supp. [1939] §395e.)

On December 23, 1922, Edgar P. Lawson executed an irrevocable declaration of trust. Edgar P. Lawson died on April 18, 1938, a resident of the Town of Fairfield in this State. At the time Edgar P. Lawson died, Jeanne Lawson, his daughter, was living and was 19 years of age; Aimee Lawson, his former wife, was still living.

Two of the paragraphs of the trust are as follows:

"II. This trust shall cease and terminate upon said Jeanne Lawson attaining the age of twenty-five years or upon her earlier death; unless said Aimee A. Lawson should predecease said Jeanne Lawson but dies after said Jeanne Lawson attains the age of twenty-one years, in which event said Edgar P. Lawson, if he is the trustee, may terminate this trust upon the death of said Aimee A. Lawson at such time.

"III. Upon the termination of this trust the entire corpus or principal thereof as then constituted, together with any theretofore unapplied or unpaid income shall be paid over, transferred, conveyed and delivered, absolutely and forever to said Jeanne Lawson, if she be then living. If, however, said Jeanne Lawson be not living at the time of the termination of this trust, but has left lawful issue her surviving, then and in that event said corpus or principal, together with any theretofore unapplied or unpaid income shall be paid over, transferred, conveyed and delivered, absolutely and forever, in equal shares per stirpes to such issue, but if she leave no lawful issue her surviving, then to Edgar P. Lawson, absolutely and forever, and in the event that said Edgar P. Lawson be also not then living, then to Aimee A. Lawson, absolutely and forever, and in the event that Aimee A. Lawson be also not then living, then to the estate of Edgar P. Lawson."

Under the terms of the trust instrument Jeanne Lawson

does not become vested with an absolute estate in the corpus of the trust estate until she reaches the age of 25 years. If she dies before reaching that age such estate never vests in her. No estate has yet vested in any issue of Jeanne Lawson nor in Aimee Lawson nor in the estate of Edgar P. Lawson, deceased, since Jeanne Lawson is still living. The gift or grant of the corpus of the estate takes effect in possession and enjoyment after the death of the transferor, and in whom such possession and enjoyment will vest is not yet contingent.

The gift or grant made by the trust instrument under consideration comes clearly within the purview of the statute above quoted.

Counsel for the appellants and for the State have aided the court by the presentation of well-argued briefs. A discussion by this court of the questions presented would aid no one of the parties and would be much repetition of arguments presented by the State.

The adjudication of the Probate Court for the Probate District of Fairfield is affirmed and adopted as the judgment and decree of this court.

The appeal is denied and dismissed.